## COUNTY OF PROVIDENCE, OCTOBER TERM, 1872, AT PROVIDENCE.

PRESENT :

HON. GEORGE A. BRAYTON, CHIEF JUSTICE.
HON. THOMAS DURFEE, } JUSTICES.
HON. ELISHA R. POTTER, }

---

ALBERT BOWEN *vs.* CHARLES W. ATWOOD.

Where B. filed a bill against A. to redeem a mortgage, and the court were satisfied that A. made unreasonable haste to advertise the mortgaged premises, and delayed to furnish his accounts, and showed a want of readiness to explain his charges to A., held, that an order must be made that neither party recover costs, notwithstanding the general rule that the mortgagee is allowed his costs unless he contests the right to redeem.

BILL IN EQUITY for an account, and to redeem a mortgage. The main question in the suit having been disposed of by the parties, the case was now heard on the question of costs. The facts appear in the opinion of the court.

*William Knowles,* for the complainant.

*James Tillinghast,* for the respondent. I. The rule that upon a bill to redeem the defendant mortgagee is entitled to costs, where the question, as here, is not on the right to redeem, but only upon the amount due, was long ago adopted and settled as the rule of this court. *Sessions* v. *Richmond,* 1 R. I. 298 (306).

II. (*a.*) And there is nothing in this case to take it out of that rule. The account was rendered before the bill was filed ; the slight delay in rendering it is explained by the testimony, viz., an accident which disabled defendant's son and only clerk from writing. The case is far less strong in this respect than *Norton* v. *Cooper*, 5 De G., M. & G. 728. (*b.*) No actual tender ever was made, and even were it proved (which it is not, as the defendant denies it) that the $3,300 was ever even offered, it cannot be considered equivalent to a tender. It was clearly insufficient, and was not brought into court, but on the contrary expressly abandoned by the very terms of the bill, and by the payment under the interlocutory order, and the master has found a considerably larger amount to be due. 2 Dan. Chan. (4th. Am. ed.) 1395–6 ; *Harmer* v. *Priestley*, 16 Beav. 569. (*c.*) That the defendant, by his account, claimed somewhat more than the master finally allowed him is no ground for refusing costs, particularly as much of the costs before the master was occasioned by charges and claims made by plaintiff that were not sustained. *Sessions* v. *Richmond, supra*, was a stronger case in this respect. See *Loftus* v. *Swift*, 2 Sch. & Lef. 642 ; *Conchlin* v. *Coddington*, 1 Beas. 250 ; *Norton* v. *Cooper*, 5 De G., M. & G. 728, *supra*; *Miller* v. *Lincoln*, 6 Gray, 556 ; *Hodges* v. *Croydon Canal Co.* 3 Beav. 86 ; *Phillips* v. *Hulsizer*, 20 N. J. 308.

DURFEE, J. This is a bill to redeem a mortgage, the right to redeem which is not contested. The amount due on the mortgage has been ascertained by the master, and the only question now remaining for decision is a question of costs. Ordinarily the mortgagee is allowed his costs unless he contests the right to redeem ; but the rule is not inflexible, and the plaintiff claims that, in this case, it should not be applied.

The mortgage, though it was in form a mortgage to secure a note for $4,000, was in effect a mortgage to secure the defendant, who is a lumber dealer, for money advanced for the purchase of the mortgaged lot, and for labor and materials furnished in the construction of a house thereon. The mortgage note fell due September 6, 1871, but the defendant did not furnish his bill of charges until September 25, 1871, though he had been requested to do so, for the first time, early in July, 1871, and repeatedly

afterwards. The defendant, previous to October 6, 1871, advertised the mortgaged premises for sale under a power in his deed, but was enjoined from selling the same upon payment to him of $3,200.00 on his mortgage, being the amount which the plaintiff admitted to be due. There is evidence that the plaintiff offered to pay the defendant in full $3,300.00, though he made no actual tender of that amount before filing his bill; and that the defendant, previous to the rendition of his account, had claimed the full amount expressed in the mortgage note with interest, though his account rendered was for only $3,744.58; and also that the defendant through his son and clerk refused to consider a proposition for a settlement made by the plaintiff's counsel. The master reduced the account by about $200, the reduction being made principally on an item of interest, and on certain items of labor and materials, which were procured and paid for by the defendant, the same not being in his line of business, and charged to the mortgagor at an excessive advance upon cost. In these circumstances we do not find any sufficient reason for charging the defendant with costs. But we do think the defendant made unreasonable haste to advertise the mortgaged premises, considering his own delay in furnishing his accounts, and that he might have avoided much of the expense of this litigation, and perhaps have avoided the litigation altogether, by a more explicit method of accounting, or by a greater readiness to explain his charges, and to confer with the plaintiff or the mortgagor in regard to them, which, being an agent as well as a mortgagee, and especially in view of the character of the charges complained of, he should have manifested. We shall order that neither party recover costs.                    *Decree accordingly.*